Stephanie R. Tatar (237792)
TATAR LAW FIRM, APC
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
Stephanie@thetatarlawfirm.com

*Attorneys for Plaintiff*
*Brandon Michael Thompson*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRANDON M. THOMPSON** <br><br> Plaintiff, <br><br> vs. <br><br> **PAYPAL, INC. D/B/A XOOM** <br><br> Defendant. | Civil Action No. 5:17-cv-6459 <br><br> **COMPLAINT FOR VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT** <br><br> **DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq.* (hereafter "TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b).
3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Brandon Michael Thompson is an individual residing in Cooper City, FL.

5. Defendant, PayPal Inc., d/b/a XOOM (herein after "Defendant"), is a business entity which regularly conducts business in the Northern District of California and has a principal place of business located at 2211 North First Street, San Jose, CA 95131.

## FACTUAL ALLEGATIONS

6. At all times pertinent hereto, Defendant made use of an "automated telephone dialing system" as defined by the TCPA, 47 U.S.C. §227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "auto-dialer") with the intent to annoy, abuse or harass such persons contacted.

7. Defendant initiated each of the calls and/or text messages at issue to Plaintiff's cellular telephone number without the "prior express consent" or "prior express invitation or permission" of Plaintiff as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A). Additionally, none of the calls and/or text messages at issue were placed by Defendant to Plaintiff's cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227(b)(1)(A).

8. In or around August 2017, Defendant initially contacted Plaintiff's cellular telephone number using an automated telephone dialing system.

9. Between August 2017 and October 2017 Plaintiff repeatedly requested that Defendant stop contacting him and remove his number from their automated telephone dialing system.

10. Despite these efforts Defendant continued to contact Plaintiff on his cellular telephone from an automated dialing system, with the intent to annoy, abuse, and harass such persons contacted, including but not limited to sending him in excess of twenty (20) text messages and/or calls between August 2017 and October 2017.

11. Defendant intentionally harassed and abused the Plaintiff on numerous occasions by contacting him several times per day, and on back to back days, with such frequency as can reasonably be expected to harass, even after Plaintiff repeatedly told Defendant's representatives to stop contacting him.

12. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff. Additionally, Defendant could have taken the steps necessary to bring its actions into compliance with the TCPA, but neglected to do so and failed to adequately review its actions to insure compliance with the TCPA.

13. Despite actual knowledge of its wrongdoing, Defendant continued its campaign of harassment and abuse.

14. Defendant's corporate policy provided no means for the Plaintiff to have his number removed from their automated telephone dialing system.

15. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

16. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for the law and the rights of the Plaintiff herein.

17. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff' reputation, invasion of privacy, out-of-pocket expenses, physical, emotional and mental pain and anguish

COMPLAINT AND
JURY DEMAND

and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – VIOLATION OF THE TCPA
### (Plaintiff v. Defendant)

18. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

19. Defendant initiated these automated calls to Plaintiff's cellular telephone using an automated telephone dialing system, which had the capacity to store or produce telephone numbers using random or sequential number generator as defined by § 227(a)(1) of the TCPA.

20. Defendant violated the TCPA. Defendant's violations include, but are not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii), 47 U.S.C. § 227(b)(1)(B), 47 U.S.C. §227 (d)(1)(A) and 47 C.F.R. 64.1200 *et seq.* as evidenced by the following conduct:

   a. making telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice,

   b. initiating telephone calls using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, and

   c. initiating communication or making telephone calls using an automatic telephone dialing system, that does not comply with the technical and procedural standards prescribed under this subsection, or using an automatic telephone dialing system in a manner that does not comply with such standards.

21. Defendant's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the account.

22. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent express consent from the Plaintiff, lawful right, legal defense legal justification or legal excuse.

23. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff's to an award of statutory, actual and treble damages.

## DEMAND FOR JURY TRIAL

24. Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

a) Actual damages;

b) Statutory damages;

c) Treble damages;

d) Costs and reasonable attorney's fees; and

e) Such other and further relief as may be just and proper.

Respectfully Submitted,

_____
Stephanie R. Tatar
Tatar Law Firm
3500 West Olive Avenue
Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695

Dated: November 7, 2017